T.C. Memo. 2009-275

UNITED STATES TAX COURT

BRUCE MCGRAW AND NORMA MCGRAW, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22519-07.                    Filed November 30, 2009.

<u>Donna Rice Owens</u>, for petitioners.

<u>Ladd C. Brown, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $19,277 deficiency
in petitioners' 2005 Federal income tax and an accuracy-related
penalty of $3,650 pursuant to section 6662(a).[1]  After

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as in effect for the taxable year at
issue.

concessions, the only issue for decision is whether the casualty loss deduction petitioners claimed on their 2005 joint Federal income tax return is subject to the limitations of section 165(h).[2] This issue turns upon whether the undisputed casualty loss of $69,715 that petitioners sustained in 2005 was attributable to Hurricane Wilma so as to qualify for relief under sections 1400M(6) and 1400S(b), as enacted in the Gulf Opportunity Zone Act of 2005 (the GO Zone Act), Pub. L. 109-135, secs. 101(a), 201(a), 119 Stat. 2578, 2596.

## FINDINGS OF FACT

The parties have stipulated some facts, which we so find. When they filed their petition, petitioners resided in Florida.

Petitioners' home is in Broward County, Florida, and within the Hurricane Wilma disaster area as defined in the GO Zone Act and declared by the President. Sec. 1400M(6); Notice of Presidential Declaration, 70 Fed. Reg. 67187 (Nov. 4, 2005). On their 2005 joint Form 1040, U.S. Individual Income Tax Return, petitioners claimed a $69,715 casualty loss, which they contend resulted from damage to their home caused by Hurricane Wilma.

---

[2]In their stipulation of settled issues, the parties agree that if the Court rules in petitioners' favor on the casualty issue, then their deficiency in income tax for 2005 is $4,966 and there is no penalty pursuant to sec. 6662(a).

In the notice of deficiency, respondent decreased petitioners' casualty loss deduction to $27,622 on the ground that section 165(h) limited the amount allowed as a deduction.

OPINION

Section 165(a) allows a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual, the deduction is limited to certain losses, including those arising from a casualty. Sec. 165(c)(3).

Under the general rule of section 165(h), a casualty loss may be deducted only to the extent it exceeds $100 and 10 percent of the taxpayer's adjusted gross income (after applying the $100 floor). These limitations do not apply to casualty losses "which arise in the Hurricane Wilma disaster area on or after October 23, 2005, and which are attributable to Hurricane Wilma." Sec. 1400S(b)(3).

The parties have stipulated that petitioners' home is located in the Hurricane Wilma disaster area. Respondent does not dispute that on or after October 23, 2005, petitioners sustained an uncompensated casualty loss of $69,217, as claimed on their 2005 return. Respondent disputes only whether the casualty loss was attributable to Hurricane Wilma.

Petitioners were not present at trial, but one of their longtime friends, who lives a short distance from them in Broward

County, testified on their behalf.  He testified that he had been at petitioners' home watching football the day before Hurricane Wilma and observed no damage to their property.  He testified that when he returned to their home a week later to help them clean up, he observed extensive damage to their property and to other properties in their gated community, although the guard gate was no longer there.

We found the witness and his unrefuted testimony credible.  Sparse as it may be, the totality of the evidence fairly supports the inference that petitioners' undisputed casualty loss was attributable to Hurricane Wilma, and we so find.  Accordingly, we conclude and hold that the section 165(h) limitations do not apply to petitioners' casualty loss deduction.

To reflect our resolution of the disputed issue and the parties' stipulation of settled issues,

<u>Decision will be entered for petitioners</u>.